IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAWANN SHAUNTEZ HAYES                                      PETITIONER

VS.                          CASE NO.: 5:14CV00408 BSM/BD

WENDY KELLEY, Director,
Arkansas Department of Correction                         RESPONDENT

RECOMMENDED DISPOSITION

I.    Procedure for Filing Objections

The following Recommended Disposition ("Recommendation") has been sent to

United States District Court Chief Judge Brian S. Miller.  Mr. Hayes and Ms. Kelley may

file written objections with the Clerk of Court within fourteen (14) days of filing of this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized.  And, if

no objections are filed, Judge Miller can adopt this Recommendation without

independently reviewing the record.

II.   Background

On November 4, 2014, petitioner Jawann Shauntez Hayes filed the pending

petition for a writ of habeas corpus under 28 U.S.C. §2254.  (Docket entry #1)  In the

petition, Mr. Hayes challenged his detention for a parole violation.  He requested

immediate release and money damages.  (#1)  Mr. Hayes filed an amended petition on a

42 U.S.C. § 1983 Complaint Form requesting additional money damages and injunctive

relief.  (#8)  He also claimed his chronic illnesses were left untreated and that he was

denied access to the courts.  (#8, pp. 7-8)

Mr. Hayes was released from custody on December 20, 2014.  The Clerk of Court

then transferred Mr. Hayes's case to this Court on December 31, 2014.  (#14)

Because Mr. Hayes's habeas corpus petition appeared moot due to his release, and

because the Court cannot grant money damages in a habeas corpus action, the Court

allowed Mr. Hayes thirty days to convert his habeas petition into a complaint under 42

U.S.C. § 1983.[1]  (#18)  The Court informed Mr. Hayes that if he did not respond within

the given time, the Court would consider this action to be a habeas petition under 28

U.S.C. § 2254.  (#18)  Mr. Hayes has not responded to the Court's invitation to convert

his case to a § 1983 action, and the time to do so has passed.  Because the petition is

moot, and the Court cannot grant Mr. Hayes's request for money damages in a habeas

petition, the petition should be DISMISSED, without prejudice.

**III.    Discussion**

---

[1] Based on guidance from the Eighth Circuit, it appears that the preferred procedure in a case such as this is to convert the petition into a § 1983 complaint, with Mr. Hayes's consent.  See *Spencer v. Haynes*, 2014 WL 7172045, at *2 (8th Cir. 2014)(instead of dismissing § 2241 petition, the court should have obtained consent from the petitioner to convert the habeas proceeding to a *Bivens* action).

2

The Court can entertain this habeas petition only if Mr. Hayes is being held in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2254(a)  If the petition does not challenge either the fact or length of custody, the Court lacks subject-matter jurisdiction.  *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996).  In a habeas corpus action, the custody at issue is the confinement ordered in the original judgment of conviction.  *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303 (2004).

When Mr. Hayes filed his petition, he was being held in the Lonoke County Detention Facility for a parole violation.  (#1)  The parole stemmed from an earlier sentence that Mr. Hayes alleged expired on October 28, 2014.  (#1)  By the time the Clerk transferred Mr. Hayes's case to this Court, he had already been released from custody.  (#9)  In addition, Mr. Hayes no longer faced future incarceration based on the conviction that gave rise to his parole violation confinement.  (#15-3)  Because of this, Mr. Hayes's habeas petition is now moot.[2]

It appears that Mr. Hayes waived a parole revocation hearing.  (#15-2, p. 5)  It is not clear, however, whether Mr. Hayes's parole was actually revoked.  While Mr. Hayes does not explicitly challenge parole revocation, if he had, he would have to show a "continuing injury" resulting from the alleged wrongful revocation.  *Spencer v. Kemna*, 523 U.S. 1, 7-8, 118 S.Ct. 978, 983 (1998).  At the time of filing, Mr. Hayes's

---

[2] Mr. Hayes withdrew a previous habeas petition when nearing release, because he stated his petition would become moot.  *Hayes v. Norris*, 5:07CV00247-SWW docket entry #8 (E.D.Ark. dismissed Nov. 26, 2007).

3

incarceration was the injury sustaining his petition.  As noted, however, he is no longer incarcerated.

In the parole revocation context, Mr. Hayes is not subject to a continuing injury. Under Supreme Court precedent,"continuing injury" in habeas corpus cases is narrowly construed.  For example, the possibility of detriment at a future parole hearing, of an enhanced sentence at a future hearing, or of impeachment of future testimony are all deemed insufficient to show a continuing injury.  *Id.*  Likewise, the inability to pursue damages for wrongful revocation, and even the state's intentional delay of habeas proceedings for the purpose of mooting a petition, are not enough.  *Id.* at pp. 14-18.

Because Mr. Hayes cannot show a continuing injury; because he is not challenging his underlying conviction; because he is no longer incarcerated; and because he no longer faces future incarceration based on the conviction that gave rise to his parole violation confinement, his petition is moot.  There is no case or controversy at issue under Article III, § 2, of the Constitution.  And in the absence of a case or controversy, this Court lacks jurisdiction to address Mr. Hayes's petition.  Accordingly, the petition should be dismissed, without prejudice.

## IV.   <u>Certificate of Appealability</u>

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Mr.

Hayes has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  Here, Mr. Hayes has not provided any basis for issuing a certificate of appealability.

**V.     Conclusion**

Mr. Hayes's petition is moot.  This Court lacks jurisdiction to address his claims and requests for money damages under 28 U.S.C. § 2254.  For that reason, the Court recommends that Judge Miller dismiss the pending petition for writ of habeas corpus, without prejudice.  And because there is no substantial showing that Mr. Hayes was denied a constitutional right, the Court should decline to issue a certificate of appealability.

DATED this 3rd day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE